UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CINDY MITCHELL**                                                                               **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 5:22-CV-P151-JHM**

**KENNY/WIFE/**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Cindy Mitchell, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action on the Court's approved 42 U.S.C. § 1983 form. For the following reasons, Plaintiff's claims will be dismissed for lack of subject-matter jurisdiction.

### I. STATEMENT OF CLAIMS

Plaintiff names as Defendants Kenny and his wife GiGi, no last name given, who are owners of the Deluxe Inn Motel in Paducah, Kentucky, where Plaintiff stayed at various times. According to the complaint, Defendant Kenny has sexually harassed Plaintiff since 2019. She states that he offered her "jobs if I would sleep with him telling me he would give me anything I wanted or any amount of money[.]" Plaintiff alleges that when she refused, he did not hire her. Plaintiff asserts that "discrimination and bribery are against the law."

Plaintiff further alleges that on July 11, 2022, which was the last time that she stayed at the Deluxe Inn Motel, Defendants Kenny and GiGi threw her belongings worth $1,789 in the dumpster and told "Sally Michelson from the community kitchen he couldn't rent to me anymore for no reason other than I refused to sleep with him." She adds: "Sexual harassment[,] bribery[,] discrimination and throwing all my personal belongings in the dumpster." She asks for compensatory and punitive damages and for Defendants' business to lose its license.

## II. ANALYSIS

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have an independent duty to determine whether they have jurisdiction and to "'police the boundaries of their own jurisdiction.'" *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006) (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). As set forth below, even reading the *pro se* complaint liberally as the Court is required to do, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), Plaintiff fails to establish that this Court has subject-matter jurisdiction over her case.

### A. Federal-question jurisdiction

Although Plaintiff's complaint is on this Court's form for § 1983 actions, she identifies no constitutional or other federal law claims she wishes to pursue. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A]

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff does not state a claim under § 1983 because she does not allege that Defendants are persons acting under color of state law, nor is there any indication in the complaint that they were.

The Court notes that federal law prohibits discrimination in a motel, but only "on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a); s*ee, e.g.*, *Lewis v. Clark*, No. 3:14-CV-01592 RNC, 2015 WL 3905315, at *3 n.6 (D. Conn. June 25, 2015). Plaintiff does not allege that she was discriminated on any of these grounds.

Federal law also protects against sexual harassment in the employment context under Title VII of the Civil Rights Act. 42 U.S.C. § 2000e–2(a). "Unwelcome sexual advances, request for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when . . . submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment[.]" *Stewart v. Trans-Acc, Inc.*, No. 1:09-CV-607, 2011 WL 1560623, at *4-5 (S.D. Ohio Apr. 25, 2011). Reading the complaint liberally, the Court finds that Plaintiff has alleged that she was offered employment in exchange for sex. However, she fails to plead a federal claim under Title VII for two reasons.

First, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b). Plaintiff does not allege that Defendants' business meets this criteria.

Second, it is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC); and (2) receive and act upon the EEO's statutory notice of the right to sue, known as a "right-to-sue letter." *See, e.g.*, *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). Plaintiff does not allege that she satisfied either of these prerequisites.

### B. Diversity jurisdiction

Plaintiff fails to establish diversity jurisdiction, which requires that each plaintiff must be a citizen of a different state than each defendants, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, there is not complete diversity of citizenship since Plaintiff and Defendants are citizens of Kentucky. *See* 28 U.S.C. § 1332.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: May 12, 2023

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4414.009